IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL IRWIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 08-584-SLR ) |
| SGT. CASEY PHELPS, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this ⎵ day of December, 2009, having considered plaintiff's motions for appointment of counsel and motion for extension of time to complete discovery and the papers submitted in connection therewith;

IT IS ORDERED that: (1) plaintiff's motions for appointment of counsel (D.I. 18, 22) is denied without prejudice to renew; and (2) plaintiff's motion for an extension of time (D.I. 23) is granted for the reasons that follow:

1. **Appointment of Counsel.** Plaintiff, a pro se litigant presently incarcerated at James T. Vaughn Correctional Center, filed this 42 U.S.C. § 1983 action against defendant Sgt. Casey Phelps alleging that defendant physically assaulted him. (D.I. 2) Plaintiff has filed two motions for appointment of counsel, asserting that he lacks the education and skills necessary to prosecute this action, that a learning disability prevents him from comprehending material and mental health issues cause him to

breakdown under stress. (D.I. 18, 22) Defendant has not filed a response to plaintiff's motions.

2. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F. 2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

3. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

4. Having reviewed plaintiff's requests in light of the aforementioned authority, the court finds that appointment of counsel is not warranted at this time. The record

reflects various papers and pleadings submitted by plaintiff that demonstrate an ability to coherently present his claims and requests for relief. (*See, e.g.*, D.I. 20, 21 - plaintiff's requests for production of documents) Moreover, the legal issues at bar are not so complex that plaintiff's averred inability to marshal persuasive arguments will hamper the court from evaluating the facts and applying the law. Plaintiff's motion for appointment of counsel may be renewed after the resolution of any pending motions for summary judgment.

    5. **Discovery Motions**. Plaintiff requests an extension of the discovery deadline in order to complete discovery motions, receive and study discovery and to file interrogatories and requests for admissions. (D.I. 23) The record reflects a June 23, 2009 scheduling order that directed the parties to complete discovery by October 19, 2009. (D.I. 17) Plaintiff filed two production of documents requests on September 9 and 22, 2009; defendant, however, failed to file any response during the discovery period and, the discovery deadline has now passed. (D.I. 20, 21) **Accordingly, defendant shall file his responses to plaintiff's requests for production of documents by December 15, 2009 and the scheduling order is amended as follows:**

    a. **Discovery.** All discovery in this case shall be initiated so that it will be completed on or before **January 20, 2010**.

    b. **Application by Motion.** Any application to the court shall be by written motion filed with the Clerk. Unless otherwise requested by the court, the parties shall **not** deliver copies of papers or correspondence to chambers.

c. **Summary Judgment Motions**. All summary judgment motions and an opening brief and affidavits, if any, in support of the motion, shall be served and filed on or before **February 22, 2010.** Answering briefs and affidavits, if any, shall be filed on or before **March 22, 2010.** Reply briefs shall be filed on or **before April 8, 2010.**

d. The parties are admonished of their continuing obligation to comply with all court orders.

_____
United States District Judge