IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL IRWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-584-SLR |
| | ) |
| SGT. CASEY PHELPS, | ) |
| | ) |
| Defendant. | ) |

Daniel Irwin, Central Violation of Probation Center, Smyrna, Delaware. Pro Se Plaintiff.

Philip Henry Bangle, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: January 31, 2011
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Daniel Irwin ("plaintiff") is an inmate incarcerated at the Central Violation of Probation Center, Smyrna, Delaware, who proceeds pro se and has been granted leave to proceed in forma pauperis. On September 17, 2008, he filed this lawsuit pursuant to 42 U.S.C. § 1983. At the time, he was incarcerated at the Delaware Correctional Center, now known as the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware. (D.I. 2) Presently before the court are the parties' cross-motions for summary judgment, as well as plaintiff's request for counsel and motion for transcripts. (D.I. 74, 78, 81, 82) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the court will grant defendant's motion and will deny plaintiff's motions.

## II. BACKGROUND

Plaintiff alleges that defendant Sgt. Casey Phelps ("defendant") used excessive force on June 27, 2008, after plaintiff requested to speak to a lieutenant because he was having difficulty breathing. Plaintiff suffers from asthma and a seizure disorder. Plaintiff claims injuries of black eyes and lumps on his face and head. (D.I. 2; D.I. 85, ex. 3)

Plaintiff's version of the facts is as follows: On the evening in question, he felt the onset of an asthmatic seizure and asked to see a lieutenant to get medical attention. Plaintiff left his cell to make the request to the correctional officer on duty (i.e., defendant). At the time, defendant was performing a count of all inmates on the tier. Defendant told plaintiff that the lieutenant was in the building and that he could speak to

him, but defendant did not give plaintiff permission to go and search for the lieutenant. Defendant was at a phone box located at the far end of the tier and far from the door to the tier. Plaintiff's cell was by the phone box. While defendant was at the phone box, he told plaintiff to come with him to the tier door. As they were walking to the tier door together, plaintiff starting cursing at defendant. Plaintiff believed that, if he came off the tier without permission, it could be construed as an attempted escape. Defendant grabbed plaintiff's shirt to pull him through the door. Plaintiff responded by telling defendant to take his hands off him. At that point, "in a blink of an eye," defendant, in a "wrestling move," either kneed, punched, kicked, or stomped plaintiff. Plaintiff was cuffed and escorted from the tier. (D.I. 83 ex. 2 at 6, 8, 10; D.I. 85 ex. 1 at 25-26, 30-34, 37, 39-40; D.I. 86 ex. 1; D.I. 89 at 2)

After plaintiff left the tier, he suffered a seizure, a Code 4 was called and medical arrived, and plaintiff was taken to the infirmary. Plaintiff was cleared by medical and taken to the security housing unit ("SHU"). Medical records do not indicate that plaintiff was injured or required treatment for any injuries. Nor did plaintiff request medical treatment at any time for any injuries following the June 27, 2008 incident or report injuries to anyone. Plaintiff testified that he had a black eye and bumps on his face. (D.I.85 ex. 1 at 29, ex. 3, D.I. 86 ex. 1, D.I. 89 ex. 2)

As a result of the incident, plaintiff received disciplinary charges for assaulting staff, disorderly or threatening behavior, creating a health, safety or fire hazard, disrespect, failing to obey an order, and off limits. Plaintiff was found guilty of assault and failing to obey an order. (D.I. 81, Pl.'s aff.)

The parties' experts are in agreement. Plaintiff's expert witness, Major Michael Costello ("Costello"), a Department of Correction ("DOC") employee, opined that defendant did not use excessive force and acted according to prison policy and training.[1] Similarly, Warden Dave Hall ("Hall"), defendant's expert, voiced the same expert opinion. More particularly, Hall opined that plaintiff's actions, when he pulled away from defendant and aggressively avoided his contact and control, placed plaintiff at the active resistor level on the use of force model employed by the DOC. (D.I. 83, ex. 4)

Plaintiff moves for summary judgment on the grounds that the undisputed facts entitle him to summary judgment. (D.I. 81) Defendant moves for summary judgment on the grounds that, even when viewing plaintiff's versions of the facts, defendant's use of force was reasonable and he is immune from liability. (D.I. 82)

## III. STANDARD OF REVIEW

The court shall grant summary judgment only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving

---

[1]Plaintiff identified Costello as an expert witness in his answers to interrogatories. (D.I. 40, answer to interrog. 5)

party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Moreover, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. at 322.

Both parties move for summary judgment. The rules are no different when there are cross-motions for summary judgment. *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir. 2008).

## IV. DISCUSSION

### A. Eleventh Amendment Immunity

Defendant moves for summary judgment on all claims raised against him in his official capacity by reason of Eleventh Amendment immunity. Plaintiff argues that

defendant is not entitled to Eleventh Amendment immunity.

Plaintiff's position is not supported by the law. The Eleventh Amendment guarantees that non-consenting states may not be sued by private individuals in federal court unless Congress abrogates the states' immunity pursuant to a valid exercise of its power. *See Board of Trustees of the Univ. of Al. v. Garrett*, 531 U.S. 356, 363 (2001). State officials acting in their official capacities have the same Eleventh Amendment immunity from damage suits as the state itself. *See Hafer v. Melo,* 502 U.S. 21, 30 (1991). Hence, defendant, while acting in his official capacity, is immune from suit under the Eleventh Amendment. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 268 (1997); *Ali v. Howard,* 353 F. App'x 667, 672 (3d Cir. 2009) (not published). Therefore, the court will grant defendant's motion for summary judgment as to the claims raised against him in his official capacity.

### B. Excessive Force

Plaintiff moves for summary judgment on the grounds that defendant violated his constitutional rights by the use of excessive force. Conversely, defendant contends that summary judgment is appropriate because his use of force was reasonable and, therefore, did not violate plaintiff's constitutional rights.

The core judicial inquiry, when a prisoner alleges that a prison officer used excessive force against the prisoner, is not whether a certain quantum of injury was sustained but, rather, whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Wilkins v. Gaddy,* – U.S. –, 130 S.Ct. 1175 (2010); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). Use of

force is actionable under § 1983 when it exceeds "that which is reasonable and necessary under the circumstances." *Davidson v. O'Lone*, 752 F.2d 817, 827 (3d Cir. 1984). The court must determine whether the force was applied in good faith by weighing the following factors: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the threat reasonably perceived by the responsible officials; and (5) the efforts made to temper the severity of a forceful response. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000).

Prison officials are accorded substantial latitude where prison security and the safety of prisoners and officers are at stake: "The infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In light of courts' "hesitancy to critique in hindsight decisions necessarily made in haste, under pressure, and frequently without the luxury of a second chance," a prisoner alleging that an officer used excessive force cannot merely question "the reasonableness of a particular use of force or the existence of arguably superior alternatives." *Id.* at 319, 322. Rather, in the prison disturbance context, a plaintiff alleging that an officer used excessive force must establish that the officer acted "maliciously and sadistically to cause harm," causing an injury that was "more than de *minimis.*" *Fuentes v. Wagner*, 206 F.3d 335, 345 (3d Cir. 2000) (quoting *Whitley*, 475 U.S. at 320-21).

The Eighth Amendment "does not protect an inmate against an objectively *de minimis* use of force." *Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir. 2002). Allegations of far more force than plaintiff has alleged have been deemed *de minimis* and dismissed. *See, e.g., Reyes v. Chinnici*, 54 F. App'x 44, 48 (3d Cir. 2002) (not published) (where corrections officer punched inmate in the shoulder to avoid being spit on).

Viewing the record in light of these factors, the court finds that defendant did not use excessive force. It is undisputed that plaintiff either pulled away or backed away from defendant, after defendant asked him to leave the tier.[2] Uncontradicted testimony of two expect witnesses - one for plaintiff and one for defendant - is that the use of force was reasonable under the circumstances when plaintiff actively resisted contact and control. Indeed, plaintiff testified that he did not follow defendant's commands and pulled away from defendant when defendant attempted to pull him through the tier door. Nor is there any medical evidence that plaintiff was physically injured as a result of defendant's action. In light of the forgoing, the court finds that "the need for the application of force" was reasonable on account of "the extent of the threat to the safety of staff and inmates" that plaintiff's conduct posed. *Kyler*, 204 F.3d at 106 (citation omitted). Based upon the record, a reasonable jury could not find that defendant used excessive force during the June 27, 2008 incident. Therefore, the court will grant defendant's motion for summary judgment on the issue of excessive force.

---

[2]Ironically, defendant had asked plaintiff to leave the tier in response to plaintiff's request to see a lieutenant to get medical attention.

## V. CONCLUSION

For the reasons discussed above, the court will grant defendant's motion for summary judgment, will deny plaintiff's motion for summary judgment, and will deny as moot the remaining pending motions.

An appropriate order will be entered.